**SO ORDERED: October 29, 2004.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Guy W. Minnis and Debra Minnis, | ) | Case No. 03-71972-BHL-7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Sarah Stinson, Molly Blackford, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. No. 04-7018 |
| | ) | |
| Debra Minnis, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER CERTIFYING CLASS**

This matter comes before the Court on plaintiffs' **Class Action Complaint to Determine**

**Dischargeability**, filed on March 16, 2004.  By their complaint, the plaintiffs seek judgments and

findings of nondischargeability under 11 U.S.C. §523(a)(4) for debts they claim are owed to them

by the defendant arising out of their attempts to purchase bridal dresses from the defendant's business.  Having read the pleadings, considered counsels' arguments and heard the witnesses' testimony at the June 15, 2004, hearing, and being otherwise fully informed in the premises, the Court hereby

**ORDERS** that the action brought before it by the plaintiffs should be and hereby is **CERTIFIED** as a class action as defined under Rule 23(b)(2) of the Federal Rules of Civil Procedure and Rule 7023 of the Federal Rules of Bankruptcy Procedure.

Such other requirements for certification under the rules are set out in the following Memorandum and are made a part of this Order.

## MEMORANDUM

A proceeding to determine the dischargeability of a debt is an adversary proceeding governed by the rules of Part VII of the Federal Rules of Bankruptcy Procedure.  Bankruptcy Rule 7023 provides : "Rule 23 F.R.Civ.P. applies in adversary proceedings."  Rule 23 of the Federal Rules of Civil Procedure prescribes the requirements for the maintenance and conduct of a class action.  This Court has broad discretion to determine whether a plaintiff may maintain a suit as a class action, but that discretion is "exercised only after consideration of all of the requisite factors under the class action rule." Moore's Federal Practice, §14A.03 (Matthew Bender 3d ed.)  Subparts (a) and (b) of Rule 23 present two threshold inquiries which must be satisfied before a class action can go forward. The burden is on the movant to establish that each requirement of Rule 23 is satisfied.  *In re Grocerland Coop., Inc.*, 32 B.R. 427, 435.

Subpart (a) of Rule 23 sets out four prerequisites to a class action:

> One or more members of a class may sue or be sued as representative

> parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a) F.R.Civ.P.  A potential class must satisfy all four of these prerequisites before a court will consider it for certification.  *Amchem Prods., Inc. V. Windsor*, 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

Based upon the pleadings of the parties, the arguments and testimony offered at the June 15, 2004, hearing, and being otherwise fully advised in the premises, the Court

**FINDS** that the class plaintiffs meet the prerequisites to certification as described in Rule 23(a).

Subpart (b) of Rule 23 describes three types of class action.  If the four prerequisites of subpart (a) are satisfied, the Court must make findings in order to certify the class action as one of the three types under subpart (b).  Under Rule 23(b)(2), a class may be certified if the proponent of the class action establishes the following elements: (1) "the party opposing the class has acted or refused to act on grounds generally applicable to the class," and (2) those generally applicable actions make "appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]"

The defendant's actions that form the basis of the class plaintiffs' complaint are generally similar in their effect on all of the members of the proposed class, i.e., the defendant collected deposits on items of merchandise that were not ultimately delivered in return for those deposits. The plaintiffs seek from this Court a determination of the dischargeability of all those debts of the

defendant acquired in this way.  Because of those actions, final injunctive relief in the form of a determination of dischargeability of the subject debts is appropriate with respect to the class of plaintiffs as a whole.  Therefore the Court

**FINDS** that certification of the class under Rule 23(b)(2) is appropriate.

Rule 23(c) requires the Court to "define the class and class claims, issues, or defenses...." The Court retains the discretion to modify the definition of the class should modification become necessary at any time before final judgment is entered in this action.  Based upon the pleadings, the arguments presented at the June 15, 2004, hearing, and being otherwise fully advised in the premises, the Court, in satisfaction of the terms of Rule 23(c)(1)(B),  hereby

**DEFINES THE CLASS** as those parties who have filed claims in the debtor's bankruptcy case which derive from deposits made with the defendant on items of merchandise that were not ultimately delivered by the defendant, and who, by virtue of such a claim, would seek a determination of the dischargeability of the debt corresponding to that claim.

Furthermore, the Court

**DEFINES THE ISSUE** to be determined in this class action as the dischargeability of the debts arising from claims held by the class plaintiffs as defined in this order, the determination of which is to be made pursuant to 11 U.S.C. §523(a)(4), which provides that "(a) a discharge under section 727...of this title does not discharge an individual debtor from any debt - (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...."

Finally, Rule 23(g) requires the Court to appoint class counsel.  There being only one applicant, and as directed by the statute, the Court has considered 1) the work counsel has done in identifying the claims in the action, 2) counsel's experience in handling claims of the type asserted

4

in this action, 3) counsel's knowledge of the bankruptcy laws at issue in this action, and 4) the resources counsel will commit to representing the case.  The Court has also considered whether counsel will fairly and adequately represent the interests of the class plaintiffs.  Having considered all of the above, and being otherwise fully informed thereabout, the Court

**APPOINTS** Andrew D. Thomas as class counsel for the class plaintiffs.

# # #