**SO ORDERED: August 11, 2006.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| GUY W. MINNIS and DEBRA MINNIS, | ) | CASE NO. 03-71972-BHL-07 |
|     Debtors. | ) | |
| _____ | ) | |
| SARAH STINSON and MOLLY | ) | |
| BLACKFORD, on behalf of themselves and | ) | |
| all others similarly situated, | ) | |
|     Plaintiffs, | ) | |
| v. | ) | ADV. NO. 04-7018 |
| | ) | |
| DEBRA MINNIS, | ) | |
|     Defendant. | ) | |

**ORDER**

This adversary proceeding was initiated on March 16, 2004, by the filing of Plaintiffs' **Class Action Complaint to Determine Dischargeability** ["the Complaint"]. Paragraph VII of the Class Action Allegations states that the debt should be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). An **Order Certifying Class** was entered on October 29, 2004, wherein the Court specifically "**DEFINES THE ISSUE** to be determined in this class action as the dischargeability of the debts arising from claims held by the class plaintiffs as defined in this order,

the determination of which is to be made pursuant to 11 U.S.C. § 523(a)(4), which provides that '(a) a discharge under section 727 ... of this title does not discharge an individual debtor from any debt - (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. . . .'."

This case is now before the Court on Defendant's **Motion for Summary Judgment** filed on January 24, 2005. In her motion, the Defendant, Debra Minnis ["Minnis"] argues that a merely contractual relationship is not the type of fiduciary relationship required to except debt from discharge pursuant to section 523(a)(4). Minnis notes that, in the absence of a fiduciary relationship, there can be no defalcation and, finally, that she lacked the requisite intent to constitute larceny or embezzlement. The Plaintiffs filed their **Memorandum in Opposition to Motion for Summary Judgment** on August 15, 2005. They assert that, not only is the class action maintainable under section 523(a)(4), but is also viable under section 523(a)(2).

Discussion

The Court had the opportunity to hear and consider the Plaintiffs' Class Action Allegations and has previously isolated the issue as one under section 523(a)(4), thereby implicitly rejecting the Plaintiffs' class allegations under section 523(a)(2). The Court restricts it's analysis, therefore, to the viability of Plaintiffs' 523(a)(4) claims.

In order for the Plaintiffs to prevail under section 523(a)(4), they must prove that Minnis committed (1) fraud or defalcation while acting as a fiduciary; or (2) embezzlement; or (3) larceny. The Court will first consider whether an express trust or fiduciary relationship exists between the parties.

The broad, general definition of fiduciary, involving confidence, trust, and good faith, is not applicable in dischargeability proceedings under section 523(a)(4). Instead, the fiduciary

2

relationship referred to in section 523(a)(4) has been held to be limited to express and technical trusts, neither of which the law implies from a contract. *In re Babinec*, 1993 WL 542862 (Bankr.N.D.Ill.)  Furthermore, it must have existed prior to the act creating the debt and without reference to that act. *Id.*  Ordinary commercial relationships such as creditor-debtor and principal-agent relationships have been held not to create a fiduciary relationship in the bankruptcy context. *Id.* (citing *Illinois Dept. Of Lottery v. Marchiando*, 142 B.R. 246, at 249 (N.D.Ill. 1992)).  The Seventh Circuit went on to state that most cases "that have held debts nondischargeable by virtue of section 523(a)(4) have involved either express trusts of a conventional variety or fiduciary relations . . . [involving] relations of inequality that justify the imposition on the fiduciary of a special duty, basically to treat his principal's affairs with all the solicitude that he would accord to his own affairs." *Matter of Marchiando*, 13 F.3d 1111,1116 (7th Cir. 1994).

A fiduciary relationship may arise separate from an express trust, *In re Marchiando*, 13 F.3d 1111, 1115 (7th Cir. 1994) (arising from statute), but it is the substance and character of the debt relationship that determines whether such a fiduciary relationship exists. *In re Littell*, 109 B.R. 874, 881 (Bankr.N.D.Ind. 1989).  Substantial inequity as to knowledge or power between the parties, fiduciary duties and whether these duties arise independently of any contractual relationship between the parties, have been found determinative as to existence of a fiduciary relationship. *Marchiando*, 13 F.3d at 1116; *In re Woldman,* 92 F3d. 546, 547 (7th Cir. 1996); *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000).

The Plaintiffs herein concede that this is not a case involving an express trust but rely instead upon circumstances which, they insist, serve to create a technical trust and thereby impose a fiduciary duty upon the Defendant.  Although the Plaintiffs cite to I.C. 24-5-0.5-1 et seq., the Indiana

Deceptive Consumer Sales Act, they do not go so far as to allege that such statute creates the fiduciary relationship. As stated by the district court in *Marchiando*, "the state law creating the fiduciary relationship, must ... have imposed a trust on the property and set forth the fiduciary duties." 142 B.R. at 249. There is no such structure to the cited Indiana statute.

The alleged facts relied upon by the Plaintiffs are as follows:

1. The Plaintiff contracted with the Defendant for the purchase of a dress that was not in the hands of the Defendant at the time of the order;

2. The Defendant gave to the Plaintiff a written statement indicating that the order was received, and imposing serious potential liabilities upon each Plaintiff for not following through with their promises under that contract, which were in each instance the full payment of the entire contract balance within a certain period of time.

3. In each instance, the Defendant knew that the Plaintiff needed the dress for a specific event, which was set for a time which was for, all intents and purposes, set in stone.

4. In each instance, the Defendant received, up front, as a condition of entering into the contract at all, an amount of money which was equivalent to the purchase price by the Defendant from the manufacturer or other seller of the dress.

Initially, the Court would comment that these facts have more bearing on the Plaintiffs' 523(a)(2)(A) claims than on the class allegations of 523(a)(4). To the extent that the Defendant made false statements, the Plaintiffs' recourse lies in subsection (a)(2)(A). As to the other alleged facts, the Court finds nothing singularly distinguishable from the alleged facts and such facts as would typify any other contractual arrangement.

Based upon the narrow reading of "fiduciary" in section 523(a)(4), the Court is unable to

construe the relationship between the parties as fiducial. It was, at all times, a contractual relationship. The debtor agreed to provide a "good", albeit a sentimental and unique good, in exchange for a purchase price. The deposit or indeed the pre-paid purchase price, as is customary in the industry, serves more to protect the retailer than the customer. There was no intent to create a "trust". Nor is this a relationship of substantial inequity as to knowledge or power between the parties such as would justify the imposition of a higher duty of care. To the extent, therefore, that the Plaintiffs seek to establish fraud in a fiduciary capacity, the Court finds that the Plaintiffs have failed to sustain the burden of proof on that issue.

Embezzlement is defined as the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *In re Weber*, 892 F.2d 534, 538 (7th Cir. 1989); The creditor must show that the debtor appropriated funds for her own benefit and did so with fraudulent intent. *Id.* In this regard, the Court is satisfied that the funds came into the Debtor's hands and that she appropriated those funds to a use other than that which it was intended. The Court is not satisfied, however, that Minnis appropriated those funds for her own benefit with fraudulent intent. Minnis represents that the deposit monies were utilized to satisfy various ongoing expenses of doing business. There is no evidence of wrongful intent.

Embezzlement differs from larceny in that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking. 4 *Collier on Bankruptcy* ¶523.10[2] (15th ed., Rev. 2006). In order to prove larceny, the Plaintiffs must show that Minnis wrongfully took funds with fraudulent intent to convert that money to her own use without Plaintiffs' consent. It is not clear that Minnis knew, at the time she accepted the monies, that she would be unable to acquire the goods nor has it been established that she had

no intention of acquiring the goods at the time the monies were tendered. Because there was no evidence which would indicate that this was anything other than a typical commercial transaction between the parties, the Court rejects any claim of larceny.

Based upon the pleadings and evidence presented, the Court finds that the Plaintiffs have failed to establish a cause of action under section 523(a)(4). Judgment is hereby rendered in favor of Minnis and against the Plaintiffs on the class action allegations of their Complaint. The Court will set a hearing on the remaining 523(a)(2)(A) allegations of the Plaintiffs' Complaint.

**IT IS SO ORDERED AND ADJUDGED.**

# # #

Distribution:

Andrew D. Thomas
2906 First Avenue
Evansville, IN 47710

Kathryn D. Peters
1666 Lodge Avenue
Evansville, IN 47714

Stacy Wissel
Chapter 7 Trustee
P.O. Box 68
Decker, IN 47524

Office of the U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis, IN 46204